## SALE OF STOCK DEFEATED BY AN ALLEGED LIBELOUS ARTICLE.

Circuit Court of Cuyahoga County.

THE FARMERS CO-OPERATIVE HARVESTING MACHINE COMPANY OF AMERICA v. THE LAWRENCE PUBLISHING COMPANY.

Decided, December 28, 1908.

*Libel and Slander—Corporation Can Not Recover Damages for Libel— When Sole Injury is in Sale of Stock.*

A corporation can not maintain an action for a libel where the sole damage shown is the hindrance of subscriptions to its capital stock, even though that may result in its being unable to carry out the objects for which it was organized.

*F. R. Marvin* and *J. J. McCormick,* for plaintiff in error.
*Carr, Stearns & Chamberlain,* contra.

HENRY, J.; WINCH, J., concurs.

The action below was a libel case wherein the court directed a verdict for the plaintiff in a nominal amount, at the close of the plaintiff's evidence, and it complains of this ruling as error here.

The alleged libel consisted of an article published in the *Ohio Farmer,* an agricultural weekly paper of large circulation

in this state and elsewhere, cautioning its readers against the plan of operations of the plaintiff in error, a corporation, whose objects are fairly implied in its name, the Farmers Co-operative Harvesting Machine Company of America.

The petition, after alleging that the plaintiff had acquired plants for the manufacture of agricultural machines together with a stock of the products in question and being about to engage in the sale of said products, sets forth the alleged libel in these words:

### "A WORD OF WARNING.

"We are receiving a large number of inquiries from our subscribers regarding the so-called Farmers' Co-operative Harvesting Machine Company (meaning plaintiff), whose headquarters are at Springfield, Ohio, and who have large numbers of agents going about the country selling stock to farmers. It seems clearly our duty to state that what information we have about this concern or scheme (meaning the method or plan of business of said plaintiff), to our readers. We would further call farmers' attention to the fact that under modern systems a corporation (meaning plaintiff), can make a great showing on paper when it would not stand a business investigation. No good business man would buy stock in a corporation (meaning the plaintiff), simply on the representation of agents. We know further there is not profit enough in the manufacture and sale of harvesting machines at the present time to any where near justify the expense of selling stock, and the representation regarding future dividends, that we are informed are made by the traveling agents (meaning the plaintiff's agents), selling this stock. We have received information to the effect that several prominent farmers, whose names were used in connection with this corporation (meaning plaintiff) at first, have recently withdrawn from it entirely."

The petition further alleges that this publication was made with the malicious intent of "causing it to be believed and suspected by farmers and people generally, that plaintiff was engaged in a 'scheme' to defraud and cheat; that plaintiff had made a false and fraudulent showing on paper of its business condition, with intent to defraud; that plaintiff has caused its agents to make false and fraudulent representations as to its business opportunities with intent to deceive and cheat; that several prominent farmers who had been connected with plaint-

iff have recently withdrawn from it, because it was engaged in a 'scheme' to cheat and defraud and because it had done the other fraudulent and wrongful acts above referred to.''

The petition concludes by averring that ''it has been greatly injured in its good name and reputation and its business has been seriously injured and retarded and the number of subscribers for its stock has been greatly diminished, and that by reason of the premises it has sustained damages in the sum of one hundred thousand dollars.''

Upon the trial the proof of special damages seems to have been confined to evidence that the sale of its shares was so hindered by this publication that the corporation had to abandon its enterprise of securing subscriptions to its capital stock, and of building up a co-operative business in the sale of agricultural supplies to its own stockholders.

The gist of the article complained of is moreover a warning to farmers, not against the quality or kind of farm machinery and supplies which the plaintiff corporation was organized to manufacture and sell, nor against purchasing from or dealing with the corporation in respect of those objects for which, as declared by its articles of incorporation, it was organized; but is against the purchasing of the stock of the corporation, considered as a business investment.

The reported cases in which a corporation has sued for libel or slander are very few, and the number of those in which the corporate plaintiff has succeeded is negligible.

Davis, J., in *Brayton* v. *Cleveland Special Police Co.*, 63 O. S., 83, says at page 85:

''Although a corporation may sue for a slander upon it in the way of its business or trade, it can not sue for a slander upon one of its stockholders or officers, if the slander be not in direct relation to the trade or business of the corporation.''

*The Knickerbocker Life Insurance Company* v. *Ecclestine*, 11 Abbott's Practice (New Series), 385, holds likewise, that upon proof of special damages a corporation may sustain an action for libel, but the complaint must set forth special damages if the matter is not libelous, *per se*.

It appears clear to us that the averments and proof in the present case, show nothing else by way of a libel than is involved in a discouragement of subscriptions to its capital stock upon the ground that the co-operative enterprise was visionary and that investment in the stock was not a good business venture.

Incidentally, of course, the failure of such a corporation to obtain subscriptions to its capital stock must involve the failure of the whole co-operative enterprise, but the case is very different from that of a newspaper criticism of the business methods or products of a manufacturing corporation fully organized, by which the prosecution of the business in which it is engaged and for which it was incorporated is cut off through distrust disseminated amongst present or prospective customers who are not otherwise connected with the company. We hold that a corporation can not maintain an action for a libel where the sole damage shown is the hindrance of subscriptions to its capital stock. The fact that the corporation is thereby disqualified from carrying out the professed objects of its incorporation in the marketing of its products does not alter the case, and that being substantially the state of facts before us, we hold that the court did not err in directing a verdict for only nominal damages.

Judgment affirmed.